J-S07014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEPHEN EUGENE JILES | |
| Appellant | No. 1063 MDA 2016 |

Appeal from the PCRA Order December 10, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s):
CP-67-CR-0002718-2009
CP-67-CR-0002719-2009
CP-67-CR-0002745-2010
CP-67-CR-0003039-2009

BEFORE:  BOWES, LAZARUS, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 07, 2017**

Stephen Eugene Jiles appeals from the order denying his PCRA petition.  For the following reasons, we remand the case with instructions to counsel.

This Court previously set forth the relevant factual and procedural history:

> Following his convictions for numerous counts of robbery and other related offenses at the above docket numbers, Appellant was sentenced to an aggregate term of nine to twenty-one years' imprisonment.  In a consolidated appeal, this Court affirmed Appellant's judgment of sentence on April 4, 2012.  ***Commonwealth v. Jiles***, 48 A.3d 469 (Pa.Super. 2012) (unpublished memorandum).

On January 4, 2013, Appellant *pro se* timely filed a petition pursuant to the [PCRA], raising, *inter alia*, a claim that counsel was ineffective for failing to file a petition for allowance of appeal to the Supreme Court of Pennsylvania from this Court's affirmance of his judgment of sentence. The PCRA court appointed John Hamme, Esquire, as counsel. On April 24, 2013, following a hearing, the PCRA court granted Appellant's petition with respect to that claim and reinstated Appellant's right to file a petition for allowance of appeal *nunc pro tunc*. The PCRA court denied the petition in all other respects.

On May 16, 2013, Appellant filed a counseled notice of appeal to this Court from the PCRA court's April 24, 2013 order. On May 23, 2013, Appellant filed a counseled petition for allowance of appeal to our Supreme Court, which was denied on October 2, 2013. ***Commonwealth v. Jiles***, 76 A.3d 539 (Pa. 2013). On March 5, 2014, Appellant *pro se* filed another PCRA petition. Appellant also requested the appointment of counsel. On April 15, 2014, this Court affirmed the PCRA court's April 24, 2013 order. ***Commonwealth v. Jiles***, 102 A.3d 533 (Pa.Super. 2014). On May 1, 2014, the PCRA court appointed William Graff, Esquire, to represent Appellant for purposes of his March 5, 2014 PCRA petition.

On June 26, 2014, the PCRA court held a hearing on Appellant's petition. At the hearing, Attorney Graff presented two issues to the PCRA court, but rather than advocate for his client, Attorney Graff essentially informed the PCRA court that the issues did not warrant relief. Following the hearing, the PCRA court dismissed Appellant's PCRA petition.

Notwithstanding the procedural irregularities already outlined above, at this point, the procedural posture of this case begins to fall into complete disarray. A review of the record clearly reveals that Appellant sought to appeal the dismissal of his March 5, 2014 petition, but the clerk of courts and the PCRA court failed to handle appropriately his *pro se* filings evidencing that fact, and his appointed counsel failed to act altogether. As a result, Appellant was denied his right to appeal the PCRA court's June 26, 2014 order dismissing his petition.

Appellant then filed his "Motion to Re-Instate Appeal Rights or, in the Alternative, to Have Docketed Notice of Appeal Processed by the Clerk of Courts" on August 20, 2014. On August 28, 2014, the PCRA court denied Appellant's motion.

*Commonwealth v. Jiles*, 131 A.3d 94 (Pa.Super. 2015) (unpublished memorandum) at 1-2.

In the following appeal, Appellant argued that the PCRA court erred in failing to re-instate his appellate rights since appointed counsel failed to take the appropriate steps to do so, and Appellant had evinced a clear intent to appeal the PCRA court's decision. In addition, Appellant raised the same four issues he presented in his March 5, 2014 PCRA petition. We found that Attorney Graff's numerous errors effectively denied Appellant his right to representation by counsel. Thus, we remanded for the appointment of new counsel, and the filing of an amended PCRA petition or *Turner*/*Finley*[1] no-merit letter. As such, we did not reach the merits of the four issues Appellant raised from his PCRA petition.

On remand, the PCRA court appointed George Margetas, Esquire, to represent Appellant during his PCRA proceedings. Attorney Margetas did not file an amended PCRA petition. The PCRA court held a hearing on December 10, 2015, wherein counsel argued the issues raised in Appellant's *pro se* PCRA petition. The PCRA court denied relief, and Appellant indicated, on the

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

- 3 -

record, that he wanted appellate review. Attorney Margetas did not file a notice of appeal, nor did he seek to withdraw as counsel. Subsequently, Appellant again petitioned the court for reinstatement of his appellate rights. The PCRA court appointed Heather Reiner, Esquire, and, after a hearing on May 31, 2016, the court re-instated Appellant's appeal rights.

Appellant filed the present timely, counseled notice of appeal and complied with the court's order to file a Rule 1925(b) statement of errors complained of on appeal. On November 14, 2016, counsel filed with this Court a *Turner*/*Finley* letter and an application to withdraw as counsel. Thereafter, Appellant filed an application for relief requesting that the Court permit him to file an amended Rule 1925(b) statement in order to include the four issues he raised in his March 5, 2014 PCRA petition. We denied this relief, but permitted Appellant an extension of time to file a response to counsel's no-merit letter. Appellant did so, contending that appellate counsel had filed a Rule 1925(b) statement without his input, and that statement failed to include the issues for which he seeks redress on appeal. The court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

PCRA counsel's *Turner*/*Finley* brief directs this Court's attention to a single issue of possible merit: "The PCRA court committed an error of law when it denied relief pursuant to the [PCRA] on the basis that [Appellant's] trial counsel was ineffective for failing to fully advise [Appellant] regarding

- 4 -

his plea offer and the potential sentence he faced by rejecting that offer." ***Turner***/***Finley*** brief at 6.

As a preliminary matter, we must address whether counsel has met the requirements of ***Turner***/***Finley***. The ***Turner***/***Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. Counsel must then file a "no-merit" letter detailing the nature and extent of her review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. ***Commonwealth v. Freeland***, 106 A.3d 768, 774 (Pa.Super. 2014). Counsel is required to contemporaneously serve upon his client her no-merit letter and application to withdraw along with a statement that, if the court granted counsel's withdrawal, the client may proceed *pro se* or with a privately retained attorney. ***Id***. at 774. This Court must then conduct its own independent evaluation of the record and agree with counsel that the petition is meritless. ***Id***.

We note that, if counsel does not satisfy the technical prerequisites of ***Turner***/***Finley***, we will not reach the merits of the underlying claim. ***Commonwealth v. Wrecks***, 931 A.3d 717, 721 (Pa.Super. 2007). Instead, we will deny counsel's request to withdraw and direct the PCRA

court to take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or file an advocate's brief. *Id*.

Here, we find counsel has not complied with the requirements of *Turner*/*Finley*. Counsel detailed her review of the record and concluded that Appellant's claims are meritless. She notified Appellant, and provided him with a copy of her no-merit letter, informing him of his right to proceed *pro se* or to retain private counsel. However, counsel's brief does not present each issue Appellant wishes to have examined on appeal, and concomitantly, does not explain why those issues lack merit.

Counsel filed a Rule 1925(b) statement raising the issue set forth above. In his response to counsel's no-merit letter, Appellant avers that counsel did not communicate with him prior to the filing of that statement. Had she done so, Appellant contends, he would have directed her to address the following four issues:

> Whether trial counsel, Kevin Hoffman, rendered ineffective assistance by failing to move for dismissal of case No. CP-67-CR-000745-2010 based on a denial of due process and prosecutorial misconduct?
>
> Whether trial counsel, Kevin Hoffman, was ineffective for offering erroneous advice with regard to accepting or rejecting a plea offered by the Commonwealth that was significantly less onerous than the prison time imposed following trial?
>
> Whether [A]ppellant was subjected to structural error when a [J]udge who decided pre-trial motions was involved in an intimate relationship with the assistant district attorney, who prepared and submitted said motions, resulting in a denial of due process?

- 6 -

Whether trial and direct appeal counsel, Kevin Hoffman, was ineffective for failing to file an application for relief in appellate court when he discovered that [the pre-trial motions Judge] was intimately involved with the assistant district attorney who prepared and submitted several pre-trial motions decided by [that Judge]?

Appellant's Response to No-Merit Letter, 1/10/17, at unnumbered 1-2. Indeed, Appellant has made it abundantly clear that he desires this Court to address these claims. He has included these same four issues, verbatim, in each filing he has presented to this Court. Moreover, Appellant's *pro se* March 5, 2014 PCRA petition raised these claims, and Attorney Margetas argued them before the PCRA court on December 12, 2015. Upon the PCRA court's denial of relief premised upon those allegations, Appellant stated, on the record, that he wished to appeal the PCRA court's decision. N.T. PCRA Hearing, 12/10/15, at 52.

We recognize that counsel did not raise these issues in Appellant's Rule 1925(b) statement, and hence, they would not otherwise be preserved. Nevertheless, the record reveals counsel had ample notice as to which issues that Appellant wished to raise on appeal, and we can discern no rationale for her failure to do so in her ***Turner/Finley*** brief. Since counsel has failed to satisfy the technical prerequisites of ***Turner/Finley***, we deny counsel's request to withdraw and remand this matter for counsel to file a proper ***Turner/Finley*** brief, or in the alternative, to file an advocate's brief, taking the necessary steps to ensure Appellant's issues are presented on appeal.

Record remanded. Counsel shall comply with the mandates of this decision within sixty days of remand of the record. Jurisdiction retained.